

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| AMERICAN ACCEPTANCE § <br> CORPORATION OF SC, *on behalf of itself* § <br> *and all others similarly situated*, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> JOHN GIETZ, JAMES WESTBURY, § <br> SANDRA BLACK, JESSE LAINTZ, JOEL § <br> M. DEASON, LEXINGTON COUNTY § <br> SHERIFF'S DEPARTMENT, and SHERIFF § <br> BRYAN "JAY" KOON, *in his official* § <br> *capacity*, § <br> Defendants. § | Civil Action No. 3:24-1099-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS
AS TO PLAINTIFF'S FEDERAL CLAIM**

## I.    INTRODUCTION

Plaintiff American Acceptance Corporation of SC (AAC), on behalf of itself and all others similarly situated, filed this putative class action in the Lexington County Court of Common Pleas against Defendants John Gietz (Gietz), James Westbury (Westbury), Sandra Black (Black), Jesse Laintz (Laintz), Joel M. Deason (Deason), Lexington County Sheriff's Department (LCSD), and Sheriff Bryan "Jay" Koon (Koon), in his official capacity, (collectively, Defendants).  Plaintiff alleges violations of its due process rights under 42 U.S.C. § 1983 (Section 1983), as well as a claim and delivery cause of action under state law.

Defendants removed the matter to this Court in accordance with 28 U.S.C. § 1446. The Court has jurisdiction over AAC's Section 1983 claims as per 28 U.S.C. § 1331 and over the state law claim as per 28 U.S.C. § 1367.

Pending before the Court is Defendants' motion to dismiss AAC's amended complaint. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendants' motion to dismiss will be granted as to AAC's Section 1983 claim.

## II.     FACTUAL AND PROCEDURAL HISTORY

After a shootout between rival motorcycle gangs tragically ended in the death of Timothy Brock (Brock), LCSD commenced an investigation into Brock's killing. At the scene of the crime, LCSD collected Brock's motorcycle, which he was riding when he was shot. LCSD later seized the motorcycle of suspect Shane Andrzejewski (Andrzejewski) under a facially valid warrant. But, LCSD failed to notify AAC, the lienholder of the motorcycles, of their seizure. AAC claims it subsequently learned about the seizures through news media.

As the result of LCSD's investigation, the state charged Andrzejewski with one count of murder, seven counts of attempted murder, and one count of conspiracy. While Andrzejewski's charges were pending, AAC contacted Laintz, a captain at LCSD. Laintz advised AAC would be unable to recover the motorcycles for several years and instructed two other officers, Westbury and Black, to assist AAC in handling the matter.

AAC thereafter submitted a Freedom of Information Act (FOIA) request for all related incident reports. AAC also filed claim and delivery actions against Koon in the Lexington County Court of Common Pleas, alleging it was entitled to legal possession of the motorcycles.

In response to AAC's lawsuits, Deason, General Counsel for the LCSD, sent AAC's counsel the following email:

> Please know these motorcycles are essential evidence in a series of events that produced the criminal charges [against Andrzejewski]. . . .
>
> The law states that if the bikes are even closely related to evidence, LCSD will be allowed to retain possession – *See Palmetto State Bank v. English*[,] 181 S.C. 69 (1936). Accordingly, . . . I am asking you to dismiss your complaints against the sheriff so I do not have to prepare responsive motions. . . .
>
> As for [the] FOIA request[,] we respectfully decline to produce requested documents involving Mr. Andrzejewski at this time since related charges are currently pending in the Court of General Sessions. S.C. Code § 30-4-40(a)(3) exempts the disclosure of information compiled for law enforcement purposes for several reasons[,] including those that would interfere with a prospective law enforcement proceeding or deprive an individual of a fair and impartial trial. . . . Accordingly, if you need these records before the charges have been adjudicated, please direct your request to the Solicitor's Office so they can evaluate the disclosure in light of the above.

Amended Complaint at Ex. I (emphasis added).

The prosecutor apparently subsequently informed Deason he could release the motorcycles, which Deason relayed to AAC's counsel. But, the prosecutor later changed his mind. Accordingly, Deason filed motions to dismiss the claim and delivery actions and emailed AAC's counsel, "Sorry to send conflicting messages, but the prosecutor changed his mind and asked me to advocate to hold on to [the motorcycles] after initially saying we could let them go." *Id.* at Ex. L.

At a hearing on LCSD's motions to dismiss, the circuit judge explained,

> [T]here's no way that I would order seized evidence to be released on a claim and delivery while the case is still pending. It may present a hardship[,] and it always does, particularly where you have innocent parties involved. But that's the nature of the abyss. And with . . . this being a murder case, there's no way that I would interject myself into the litigation and order the state to release evidence. And that's without analyzing all the rules that you all have cited except that [South Carolina Rule of Civil Procedure 4(d)(5)] that requires service on the attorney general.

*Id.* at Ex. N. So, the circuit judge dismissed the actions without prejudice on the most limited grounds—improper service—and granted AAC leave to perfect service upon the South Carolina Attorney General, rather than LCSD.

AAC later filed this matter in the Lexington County Court of Common Pleas, seeking declaratory, injunctive, and monetary relief under Section 1983, as well as claim and delivery under state law. Defendants removed the action and filed a motion to dismiss AAC's amended complaint. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III.	STANDARD OF REVIEW

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6), a complaint must have "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, the Court need not "accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244.

IV.     **DISCUSSION AND ANALYSIS**

As an initial matter, AAC brings a Section 1983 claim for declaratory and injunctive relief against all Defendants. To the extent this claim is brought against Koon in his official capacity, however, it is duplicative of the claim brought against LCSD and should thus be dismissed. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (explaining a Section 1983 claim against a defendant "in his official capacity . . . is essentially a claim against the [entity] and thus should be dismissed as duplicative"). The Court will therefore proceed to consider this claim as against LCSD rather than Koon.

In the amended complaint, AAC avers "[i]t is the practice and custom of the Defendants to ignore the rights of owners and lienholders to notice and an opportunity to be heard." Amended Complaint ¶ 97. But, AAC maintains "due process requires a prompt hearing before a neutral fact-finder to test the validity of the deprivation . . . , including the probable cause for the initial seizure [of the motorcycles] and the necessity and legitimacy of [their] continued impoundment." *Id.* ¶ 102. According to AAC, Defendants' failure to hold a prompt hearing regarding the seizures has deprived AAC of its procedural due process rights.

To state a Section 1983 procedural due process claim, a plaintiff "must show: (1) that it had a protected property interest; (2) of which the [defendants] deprived it; (3) without due process of law." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 146 (4th Cir. 2018) (citing *Tri Cnty. Paving, Inc. v. Ashe Cnty.*, 281 F.3d 430, 436 (4th Cir. 2002)).

As to the first element, Defendants contest whether AAC had a protected property interest in the motorcycles.

Defendants maintain, "[o]ther than a conclusory allegation that the motorcycle owners were in default, there was no other allegation made by [AAC] that it complied with the terms of the contract and provided notice of default to the motorcycle owners." Defendants' Motion at 11.

They insist "[o]nly after the motorcycle owners have failed to cure the default would [AAC] be entitled to possession of the motorcycles, potentially triggering the [d]ue [p]rocess rights that it claims have been violated." *Id.*

AAC, on the other hand, asserts "[a] security interest is indisputably a property interest protected by the Fourteenth Amendment." AAC's Response at 3. Thus, according to AAC, "where property that is encumbered by a lien is seized by the [s]tate, even on a temporary basis, the rights of the lienholder are affected, and the [s]tate must afford the lienholder due process." *Id.*

The Court agrees with AAC it had a protected property interest in the motorcycles. *See Wiswall v. Sampson*, 55 U.S. 52, 67 (1852) (noting a lienholder is entitled to notice and an opportunity to be heard). AAC has thus satisfied the first element of stating a Section 1983 procedural due process claim.

Turning now to the second and third elements—deprivation by Defendants without due process of law—Defendants cite *Mora v. City of Gaithersburg*, 519 F.3d 216 (4th Cir. 2008), in support of their contention AAC is unable to show a deprivation has occurred because it has yet to pursue postdeprivation remedies in state court. Defendants thus assert it is unnecessary for the Court to decide whether there was a due process violation.

AAC neglects to respond to Defendants' *Mora*-related arguments. Rather, AAC asserts "lienholders whose property has been seized as evidence are entitled to notice and a hearing before a neutral fact finder[.]" AAC's Response at 4 (citing *Krimstock v. Kelly*, 464 F.3d 246, 254 (2d Cir. 2006)). AAC maintains "[a] prosecutor's right to retain material evidence necessary for trial does not mean that prosecutors can decide unilaterally that . . . [a motorcycle] is material and that its retention is necessary." *Id.* (alterations in original) (quoting *Krimstock*, 464 F.3d at 254).

The plaintiff in *Mora* brought a Section 1983 claim challenging law enforcement's initial, warrantless seizure of his weapons, as well as its continued retention. At first blush, this appears to mirror AAC's Section 1983 claim, albeit in the context of a lienholder. But, "the availability of . . . postdeprivation remedies is irrelevant" where the plaintiff alleges a deprivation of property "pursuant to established policies." *Lawrence v. Swanson Inmate Commissary Servs.*, 151 F.3d 1029, 1029 (4th Cir. 1998) (unpublished table decision). And here, AAC maintains it was deprived of its property interest as the result of Defendants' "practice and custom to ignore the rights of . . . lienholders to notice and an opportunity to be heard." Amended Complaint ¶ 97. The Court therefore concludes AAC's failure to pursue postdeprivation remedies is inconsequential.

Nevertheless, AAC is unable to demonstrate a procedural due process violation occurred because Defendants' seizure of the motorcycles complied with the Fourth Amendment in the first instance.

"Although the text of the Fourth Amendment does not specify when a search warrant must be obtained, [the Supreme Court] has inferred that a warrant must generally be secured." *Kentucky v. King*, 563 U.S. 452, 459 (2011). But, "the warrant requirement is subject to certain reasonable exceptions." *Id.* (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). One such exception is the automobile exception, which exists "where probable cause is established to believe that a vehicle contains contraband or evidence of a crime." *United States v. Lawing*, 703 F.3d 229, 239 (4th Cir. 2012).

"[W]hen seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process." *Sanders v. City of San Diego*, 93 F.3d 1423, 1429 (9th Cir. 1996). Moreover, where an exception to the warrant requirement "justifies a warrantless seizure for valid law enforcement purposes in a criminal investigation

7

under the Fourth Amendment, any predeprivation due process protections are necessarily subsumed within the Fourth Amendment analysis." *PPS, Inc. v. Faulkner Cnty.*, 630 F.3d 1098, 1107 (8th Cir. 2011)

Here, Brock was riding his motorcycle when he was shot and killed in a shootout between rival motorcycle gangs. The motorcycle thus contained evidence of a crime, justifying its seizure under the automobile exception. And, the seizure of Andrzejewski's motorcycle was supported by a facially valid warrant, which AAC has failed to challenge. Therefore, the Court is convinced neither the initial seizures of the motorcycles nor their retention during the pendency of the investigation and related proceedings violated AAC's procedural due process rights.

This is especially clear where, as here, a third party's interest in physical evidence of a crime must necessarily give way to a criminal defendant's "constitutionally guaranteed access to evidence" while criminal charges remain pending against him. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). Indeed, state law requires a custodian of evidence to preserve all physical evidence collected against a defendant charged with murder. S.C. Code Ann. § 17-28-320(A)(1) ("A custodian of evidence must preserve all physical evidence . . . related to the conviction or adjudication of a person for . . . murder . . . ."); 2011 WL 3346426 (S.C.A.G. July 15, 2011) ("[I]t would be consistent with the intent of the Act that evidence for the crimes enumerated in [section] 17-28-320(A), once 'collected' by law enforcement, i.e., gathered and retained for processing, becomes . . . 'physical evidence' . . . for purposes of the Act." (emphasis omitted)).

For all these reasons, the Court holds AAC has failed to state a Section 1983 procedural due process claim. The Court will thus grant Defendants' motion to dismiss this claim. Because this issue is dispositive, it is unnecessary for the Court to address the other arguments advanced

by the parties. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## V.     CONCLUSION

Based on the foregoing discussion and analysis, it is the judgment of the Court Defendants' motion to dismiss is **GRANTED** as to AAC's Section 1983 claim, which is **DISMISSED WITH PREJUDICE**. Further, AAC's state law cause of action for claim and delivery is **REMANDED** to the Lexington County Court of Common Pleas for adjudication there. *See* 28 U.S.C. § 1367 (explaining a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction").

**IT IS SO ORDERED.**

Signed this 26th day of March 2025, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE